CLOSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRUS LAMON THOMAS,

        Plaintiff,                       CASE NUMBER: 05-71104

v.                                          HON. PAUL D. BORMAN

SHAWN JAQUE, ET AL.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT
UNDER 28 U.S.C. § 1915(e)(2)**

Plaintiff Andrus Lamon Thomas ("Plaintiff"), a state inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] for failure to state a claim upon which relief may be granted.

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may
    have been paid, the court shall dismiss the case at any time if the
    court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

Plaintiff alleges that he is being unconstitutionally imprisoned because his conviction for a violation of 18 U.S.C. § 922(g) resulted from an illegal search of his home. Because Plaintiff's complaint challenges the conduct of federal officials, his claim is properly filed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1981), rather than 42 U.S.C. § 1983.

A judgment in favor of Plaintiff would necessarily imply the invalidity of his continued confinement. Finding such claims improper under 42 U.S.C. § 1983, the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. The Supreme Court's holding in *Heck* applies with equal force to a civil rights action brought pursuant to *Bivens*. *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco, and Firearms*, 401 F.3d 419, 434 (6th Cir. 2005). A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Thus, if Plaintiff wishes to assert the claims contained in the pending complaint, he must do so by filing a habeas corpus petition.

The Court declines to construe Plaintiff's complaint as a habeas corpus petition because it fails to plead the exhaustion of the claims that it sets forth. *See Parker v. Phillips*, 27 Fed. Appx. 491, 494 (6th Cir. 2001). Moreover, Plaintiff may wish to assert

2

additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

For the preceding reasons, the Court DISMISSES Plaintiff's complaint pursuant to 42 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATE:   May 10, 2005

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record herein by electronic means or U.S. Mail on May 9, 2005.

s/Jonie Parker
Case Manager to
Judge Paul D. Borman

3